# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

JANICE PETIT,

                Plaintiff,

v.                                                CIVIL ACTION NO.  3:10-cv-01065

C. R. BARD, INC., et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's unopposed motion to join Mitchell E. Nutt, M.D. and amend complaint [Docket 26].

The complaint in this action was filed in federal court on the basis of diversity jurisdiction. The plaintiff is a resident of West Virginia. C.R. Bard ("Bard") is a New Jersey corporation with its principal place of business in New Jersey. Sofradim Production is a French company with is principal place of business in Trevoux, France.[1] The crux of the allegations in this action is that the defendants designed, manufactured, marketed and/or sold a defective medical product (Avaulta support sytem) that was implanted in the plaintiff during a surgical procedure performed by Dr. Mitchell E. Nutt, an Ohio citizen. The plaintiff now seeks to join him as a defendant and amend her complaint.

The plaintiff asserts that when she filed this civil action she was unable to file her medical malpractice claims against Dr. Nutt because he had not yet been served with a notice of claim and

---

[1] The parties stipulated to the dismissal of defendant Covidien LLC on March 10, 2011.

certificate of merit as required by West Virginia law. *See* W. Va. Code § 55-7B-6(a) and (b).[2] The plaintiff served a notice of claim and certificate of merit on Dr. Nutt on December 13, 2010.

Rule 15 (a) provides in part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R. Civ.P 15(a)(2); *see also IGEN Intern., Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 311 (4th Cir. 2003) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)). Our court of appeals has noted the policy underlying the rule of liberality:

---

[2]West Virginia Code § 55-7B-6(a) and (b) provide:

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

(b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6(a) and (b).

> This directive "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Our court therefore reads Rule 15(a) to mean that leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.

*Matrix Capital Management Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). Rule 20(a) requires that any right to relief that is asserted against the proposed defendant arises out of the same transaction or occurrence as the claims against the other named defendants and any question of law or fact common to all defendants will arise in the action.

As noted above, the defendants, while taking no position on the merits, do not oppose the plaintiffs' motion. The plaintiff's claims against Dr. Nutt were not ripe for filing at the time she filed suit against the other defendants. The statutory steps necessary for asserting her claims have now been satisfied. Since the plaintiff's claims against Bard, Sofradim Production and Dr. Nutt stem from the surgery performed by Dr. Nutt during which he implanted the Avaulta support system in her body, they clearly arise out of the same transaction or occurrence, and raise common questions of law or fact. Thus, the requirements set forth in the Rules of Civil Procedure have been satisfied and accordingly, I **GRANT** the plaintiff's motion.

The court, having entered a Memorandum Opinion and Order on March 11, 2011, granting this plaintiff's motion to add certain other defendants, directs the plaintiff to file her First Amended Complaint in accordance with both orders no later than March 18, 2011.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                    ENTER:      March 16, 2011

                                Joseph R. Goodwin, Chief Judge